HENRY WHITMAN, TRUSTEE OF CYRUS HANDY *v.* GIDEON L. SPENCER AND JOSHUA WILBUR.

Where a New York merchant purchased goods from a dealer in Providence to the amount of $6000 upon credit, and assigned them without consideration by a clear bill of sale, and the assignee removed said goods to Providence, where said goods would be free from attachment, and sold them there, saying that he intended with the proceeds of said sale to pay the creditors of said merchant in New York whose claims he had guarantied, but refusing to give a list of said creditors, and said merchant also refused to show his books or make any exhibit of his affairs, *held*, that said merchant and his assignee were not liable in an action of conspiracy if said goods were taken to Providence with a *bona fide* intent to sell

them for the benefit of creditors, but, if their intent was to secrete them or to compel the Providence creditors to a compromise upon their own terms without making an exhibit of the affairs of his debtor, they were guilty of a conspiracy.

An action on the case for fraudulently preventing the plaintiff from recovering his debt out of the goods of Wilbour. It appeared in evidence that in 1851 Wilbour entered into arrangements with Handy, the proprietor of a large dry goods store in Providence, to establish a branch establishment in New York and be supplied with goods by Handy upon certain terms. After continuing in business for a short time, Wilbour purchased Handy's interest in the concern, and was after the purchase indebted to Handy in about the sum of $6000. Shortly after the purchase from Handy, Wilbour transferred the stock of goods to Spencer by a clear bill of sale, with the understanding that they were to be brought to Providence. The goods were brought to Providence under the direction of Spencer and there stored. They were marked as the goods of Spencer, and represented by him to be his goods, and afterwards advertised and sold as such. It was in proof that Spencer said he had not paid any money for the goods, but had guarantied the debts of Wilbour to New York creditors to the amount of $5800, for the payment of which the goods were to be sold; that Handy had frequently requested Spencer to give him a list of the creditors whom he said he had guarantied and had finally made him a written request to that effect, with which Spencer refused to comply. No proof was introduced at the trial of the amount of the New York debts. It was also in proof that Wilbour proposed to Handy that if he would give him $5800, (the alleged amount of the New York debts,) and give

up the notes he held against said Wilbour, he might take the stock of goods brought to Providence and that he (Wilbour) would settle upon these and no other terms. Handy offered to take the goods and pay Wilbour $500 for his services in New York and pay all his losses which he could show by his books, but Wilbour refused to show his books and constantly declined making any statement of his affairs, though frequently requested so to do. For the defendants it was proved that Spencer was advised by an attorney that he might take the goods in New York under a simple bill of sale and bring them to Providence to be sold for Wilbour's creditors, though it would be proper afterwards to draw up an assignment with a more specific and formal declaration of the trusts. And the defendants put in an assignment executed after the commencement of this suit, by which after several preferences of New York creditors, the balance of the goods assigned was appropriated to the payment of debts generally.

And it was contended for the defendants that an action for conspiracy could not be maintained by the plaintiff, unless he could show that he had some specific lien upon the property of Wilbour, either by attachment or otherwise, which was defeated by the alleged fraudulent transfer.

GREENE, C. J., charged the jury. The plaintiff charges the defendants with conspiring for the purpose of depriving him of his remedy on the property of Wilbour for the recovery of his debt. The declaration sets forth that Wilbour, being indebted to the plaintiff in the sum of $6000, executed to Spencer an absolute bill of sale of his stock of goods, with the understanding that the

Whitman *v.* Spencer and Wilbour.

goods were to be removed from New York, where they were liable to attachment, into Rhode Island, and that the plaintiff was thereby defrauded of his remedy against them. It is generally true in law that for every injury there is a remedy, but the party must prove his injury in order to entitle him to the remedy. The charge is a charge of fraud, and must be clearly made out. In this case it is not denied that Wilbour owed the plaintiff the sum of $6000, that the debt was incurred on goods sold to stock the defendant, Wilbour's, store in New York; nor is it denied that on the 29th of December, 1851, Wilbour had on hand a stock worth about $6000, and that at that time he made to Spencer a clear bill of sale of the same without any consideration; and that the goods were brought to Providence and there stored and afterwards sold by Spencer. Spencer's account of this transaction is that the goods were brought to Providence to be sold for the benefit of Wilbour's creditors, under such preferences as he chose to make; he attempting to do in this informal way what ought to have been done in a more regular way by an assignment, and that there was no intent to convert them to the use of the defendants or to defraud the creditors of Wilbour. Now you will look into all the circumstances, whether admitted or disputed, and if upon a fair consideration you shall think the goods were honestly taken with a *bona fide* intent to pay the debts of the creditors, and not to defraud the plaintiff or to compel him to a compromise, then you need go no further, for though the bill of sale constituted no legal transfer of the property as to creditors, but still left it open to attachment, yet if their motive was honest the defendants cannot be liable upon a charge of fraudulent conspiracy. But if their motive was to secrete the

property or to compel Handy to a compromise upon their own terms without making an exhibit of the affairs of Wilbour, then they are legally guilty of a conspiracy. The question turns entirely upon their motive in the transaction, and lies wholly within the province of the jury.

If the defendants were actuated by a dishonest motive, it will then remain for you to award the plaintiff damages. Whatever damages he has sustained you will award to him; if he was the sole creditor he is entitled to full payment, if the proceeds of the sale of the goods were sufficient for that purpose; if there were other creditors, with equal or greater claims on the property, this will be a matter for you to consider in determining the damages to be given.

The jury were unable to agree.

*Tillinghast and Bradley* for the plaintiff.

*Carpenter and Weeden* for the defendants.